IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL RAY ROGERS, | No. CIV S-10-2656-CMK-P |
| Petitioner, | |
| vs. | ORDER |
| M. MARTELL, | |
| Respondent. | |
| _____/ | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action. Pending before the court is petitioner's petition for a writ of habeas corpus (Doc. 1).

Rule 4 of the Federal Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." In the instant case, it is plain that petitioner is not entitled to federal habeas relief. In particular, the exhaustion of available state remedies is required before claims can be presented to the federal court in a habeas corpus case. See Rose v. Lundy, 455 U.S. 509 (1982); see also Kelly v. Small,

1   315 F.3d 1063, 1066 (9th Cir. 2003); Hunt v. Pliler, 336 F.3d 839 (9th Cir. 2003).  A petitioner
2   can satisfy the exhaustion requirement by providing the highest state court with a full and fair
3   opportunity to consider all claims before presenting them to the federal court.  See Picard v.
4   Connor, 404 U.S. 270, 276 (1971), Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1986).

Upon review of the instant petition, the court concludes that petitioner has not exhausted state court remedies as to any of his claims.  Petitioner states in his petition that he has an inmate appeal pending, and in fact has filed a motion for additional time to exhaust his 602 inmate appeal.  However, he clearly states that other than the inmate appeal he has filed at Mule Creek State Prison, he has not filed any other petition or action relating the issues raised in his current petition.  Thus, it is clear that he has not filed any state habeas proceedings challenging the calculation of credits he raises in his petition.

Based on the foregoing, petitioner is required to show cause in writing, within 30 days of the date of this order, why his petition for a writ of habeas corpus should not be summarily dismissed, without prejudice, for failure to exhaust state court remedies.  Petitioner is warned that failure to respond to this order may result in dismissal of the petition for the reasons outlined above, as well as for failure to prosecute and comply with court rules and orders.  See Local Rule 11-110.  If petitioner agrees that this action should be dismissed without prejudice to renewal following exhaustion of his claims in state court, he should file a request for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1).

IT IS SO ORDERED.

DATED:  January 24, 2011

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE