IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL RAY ROGERS, | No. CIV S-10-2656-CMK-P |
| Petitioner, | |
| vs. | ORDER |
| M. MARTELL, | |
| Respondent. | |
| _____/ | |

   Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action.  Pending before the court is petitioner's petition for a writ of habeas corpus (Doc. 1).

   On October 29, 2010, the court directed petitioner to show cause in writing why this petition should not be summarily dismissed for failure to exhaust his state court remedies.  In response, petitioner filed a document he titled a request for voluntary dismissal pursuant to Federal Rule of Civil Procedure 4(a)(1).  In this document, he states that he has a mental health issues, including Bi-Polar disorder, and restates his request for appointment of counsel.  He does not, however, address the reasons the undersigned set forth for dismissing this action.

As to plaintiff's request for counsel, there currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel.

Because petitioner has not exhausted his state court remedies, his petition is unexhausted, and is subject to summary dismissal under Rule 4 of the Federal Rules Governing Section 2254 Cases.

Pursuant to Rule 11(a) of the Federal Rules of Governing Section 2254 Cases, the court has considered whether to issue a certificate of appealability. Before petitioner can appeal this decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue. Fed. R. App. P. 22(b).

Where, as here, the petition was dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 120 S. Ct. 1595, 1604 (2000)). After careful review of the entire record herein, this court finds that petitioner has not satisfied the first requirement for issuance of a certificate of appealability in this case. Specifically, there is no showing that jurists of reason would find it debatable whether petitioner exhausted the claims raised in the petition.

///

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's petition for a writ of habeas corpus (Doc. 1) is summarily dismissed, without prejudice;

2. Petitioner's request for the appointment of counsel is denied;

3. The court declines to issue a certificate of appealability; and

4. The Clerk of the Court is directed to enter judgment and close this case.

DATED: April 29, 2011

                                                  *Craig M. Kellison*
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE